# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEBORAH ANN PITTS,** : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 17-3979 |
| : | |
| **DEPARTMENT OF VETERANS AFFAIRS** : | |
| **PA VA MC,** *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM OPINION

Rufe, J.                                                                                                                                       March 26, 2018

      Plaintiff Deborah Ann Pitts, proceeding *pro se*, alleges claims of libel, slander, and defamation against the Department of Veterans Affairs ("VA") and certain VA employees.[1] Defendants move to substitute the United States of America as the sole defendant in this case, and to dismiss the complaint for lack of subject matter jurisdiction. For reasons that follow, the motion will be granted and the complaint will be dismissed.

## I. BACKGROUND

      The complaint alleges the following facts, which are assumed to be true for purposes of the motion to dismiss. Plaintiff was treated by Defendant Dr. Judith Navarro at the VA Medical Center in Philadelphia, Pennsylvania. Plaintiff complains about the medical treatment she received, asserting that Dr. Navarro "lied" on Plaintiff's medical records regarding statements Plaintiff allegedly made during her appointment.[2] Plaintiff also takes issue with the fact that a nurse and Dr. Navarro addressed Plaintiff's appointment in the hallway as Dr. Navarro's "11

---

[1] Plaintiff names the following individuals and entities as Defendants: "Department of Veterans Affairs PA VA MC," Dr. Judith Navarro, Edward Grzenda, Melinda Perritano, Barya Offer, Chief Counsel at the Information Law Group, and the Veterans Health Administration and its attorneys. Compl. at 1-2. From the complaint, it is alleged that Offer and Perritano are employees who work in the office of general counsel for the VA. *Id.* at 2.

[2] *Id.* at 3.

o'clock" and "not by [Plaintiff's] name."[3]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of any claim wherein the district court lacks subject matter jurisdiction.[4] When considering a 12(b)(1) motion, the court "review[s] only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court."[5] When subject matter jurisdiction is challenged under 12(b)(1), the plaintiff bears the burden of persuasion.[6]

## III. ANALYSIS

### A. The United States Will Be Substituted as the Sole Defendant in this Action

The United States first moves to substitute itself as the sole defendant in this case. Under the Federal Employees Liability Reform and Tort Compensation Act, also known as the Westfall Act, "[t]he United States can generally be substituted for federal employees facing liability for state law tort claims when they are 'sued for damages or harms caused in the course of their employment.'"[7] Pursuant to the Westfall Act, "the Attorney General of the United States may certify . . . that the employee was acting within the scope of his or her employment, and request that the United States be substituted as the only defendant."[8]

The United States has provided a certification from the United States Attorney for the Eastern District of Pennsylvania, which states that Dr. Judith Navarro, Melinda Perritano, Barya

---

[3] *Id.*

[4] Fed. R. Civ. P. 12(b)(1).

[5] *Licata v. U.S. Postal Serv.*, 33 F.3d 259, 260 (3d Cir. 1994) (citations omitted).

[6] *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citation omitted).

[7] *Vanderklok v. United States*, 868 F.3d 189, 201 (3d Cir. 2017) (quoting *Hui v. Castaneda*, 559 U.S. 799, 801 (2010)) (internal brackets omitted).

[8] *Brumfield v. Sanders*, 232 F.3d 376, 379 (3d Cir. 2000) (citing 28 U.S.C. § 2679(d)(1)). "The Attorney General has delegated . . . certification authority to the United States Attorneys." *Id.* at 379, n.3 (citations omitted).

Offer, and Edward Grzenda were VA employees at all relevant times alleged in the complaint, and were acting within the scope of their employment during the alleged events in question.[9] Accordingly, the claims against these individual defendants will be dismissed, and the United States is substituted as the sole defendant in this case.[10] "Once the United States substitutes itself for an individual defendant, the district courts only have jurisdiction to hear those claims if the United States has explicitly waived its sovereign immunity."[11]

### B. Plaintiff's Claims Will Be Dismissed for Lack of Subject Matter Jurisdiction

The United States moves to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1). As a general rule, "the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[12] The Federal Tort Claims Act ("FTCA") partially abrogates this sovereign immunity,[13] and allows "suits against the United States for torts committed by 'any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'"[14] Although the FTCA partially waives the sovereign immunity of the United States, it contains an

---

[9] *See* Mot. to Dismiss, Ex. A. The United States will also be substituted for the Department of Veterans Affairs and the Veterans Health Administration as agencies of the federal government. *See Garcia v. U.S. Dep't of Veterans Affairs*, No. 12-1978, 2012 WL 7005639, at *4 (M.D. Pa. Nov. 26, 2012).

[10] *See Lackro v. Kao*, 748 F. Supp. 2d 445, 452 (E.D. Pa. 2010) (substituting the United States as the sole defendant for an individual federal employee who worked as a doctor at the Philadelphia VA Medical Center and was acting within the scope of his employment when the events giving rise to the plaintiff's claims happened); *see also Borawski v. Henderson*, 265 F. Supp. 2d 475, 482-83 (D.N.J. 2003) (substituting the United States as the sole defendant in an action against the United States Postal Service and one of its federal employees).

[11] *Vanderklok*, 868 F.3d at 201.

[12] *CNA v. United States*, 535 F.3d 132, 140-41 (3d Cir. 2008) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)) (internal brackets omitted).

[13] *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997).

[14] *S.R.P. ex rel. Abunabba v. United States*, 676 F.3d 329, 332 (3d Cir. 2012) (citing 28 U.S.C. § 1346(b)(1)).

intentional tort exception, which does not authorize suits against the United States for "[a]ny claim arising out of . . . libel, slander, misrepresentation, [or] deceit."[15] The Third Circuit has interpreted the intentional tort exception to prohibit defamation claims as well.[16]

Here, Plaintiff's claims fall squarely within the FTCA's intentional tort exception because she has alleged only claims for libel, slander, and defamation, seeking compensatory damages for their actions in "slandering" and "defacement of" her character.[17] Suits against the United States for libel, slander, and defamation are prohibited and "an individual who is defamed by a federal employee acting within the scope of his or her employment has no remedy due to the protections afforded by the Westfall Act and the FTCA."[18] Therefore, because the United States is immune from liability for these claims, the Court lacks subject matter jurisdiction and Plaintiff cannot obtain relief.[19]

## IV. CONCLUSION

In conclusion, the motion to dismiss will be granted, and the complaint will be dismissed. An appropriate order follows.

---

[15] 28 U.S.C. § 2680(h).

[16] *Brumfield*, 232 F.3d at 382 ("defamation suits against the United States are prohibited").

[17] Compl. at 3-4.

[18] *Brumfield*, 232 F.3d at 382; *see also Izzo v. U.S. Gov't*, 138 F. App'x 387, 389 (3d Cir. 2005) ("Defamation is not included in the list of actions for which the United States has waived immunity under the Federal Tort Claims Act"); *Sash v. United States*, No. 09-2074, 2010 WL 1529825, at *7 (D.N.J. Apr. 14, 2010) (dismissing libel, slander, and defamation claims brought against the United States for lack of subject matter jurisdiction); *Sharpless v. Sanders*, No. 00-3260, 2001 WL 118960, at *3-4 (E.D. Pa. Feb. 9, 2001) (dismissing libel and defamation claims raised against the United States for lack of subject matter jurisdiction).

[19] Plaintiff is not given leave to amend the complaint because doing so would be futile. In determining whether to give leave to amend a complaint, the Court may deny leave to amend when amendment would be futile. *See Neff v. Unum Provident Corp.*, No. 14-6696, 2015 WL 5036390, at *7 (E.D. Pa. Aug. 19, 2015). Here, new facts would not cure the jurisdictional defects.